UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENZEL MORRIS,

                                              Plaintiff,           9:09-CV-1226
      v.                                                          (NAM/ATB)

TROY T. PLUMMER, et al.,

                                              Defendants.
_____

DENZEL MORRIS, Plaintiff Pro Se
ADELE M. TAYLOR-SWIFT, Ass't Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Norman A. Mordue, Chief United States District Judge. The defendants have moved to dismiss the civil rights complaint in this action because it is essentially identical to another, pending complaint that plaintiff filed earlier in this district. (Dkt. No. 11). Plaintiff has not responded to the motion to dismiss, and his deadline for doing so has expired. For the foregoing reasons, this court recommends that defendants' motion be granted, and the duplicative complaint dismissed.

**I.**     <u>**Facts and Procedural History**</u>

On June 26, 2009, plaintiff filed a civil rights complaint in the Northern District

of New York arising from an incident at Auburn Correctional Facility ("Auburn") on June 27, 2006. (Ex. A to Scott Decl., Dkt. No. 11-1). Plaintiff alleged that Correction Officers Troy T. Plummer, Gary Steinberg, and Justin Leeson subjected him to excessive force and, for a time, deprived him of adequate medical care. On September 25, 2009, plaintiff filed a complaint in the Western District of New York, suing the same three defendants on identical causes of action based upon the same incident at Auburn. (Dkt. No. 1). U.S. District Judge Charles J. Siragusa transferred the second complaint to the Northern District of New York on November 3, 2009, and it was assigned to me on January 4, 2010. (Dkt. Nos. 4, 6).

The complaint in this action differs from the earlier-filed complaint (No. 9:09-CV-734 (NAM/DEP)) in a few, insignificant ways: (1) it details the role of the three defendant Correction Officers in the alleged assault on June 27, 2006 in slightly different terms; and (2) it specifies the amounts of compensatory and punitive damages sought by the plaintiff. (Dkt. Nos. 1, 11-1). In the earlier-filed action, some discovery has been conducted, and defendants' motion for summary judgment, to which plaintiff did not respond, is pending the issuance of a report-recommendation by U.S. Magistrate Judge David E. Peebles. In the action pending before this court, it appears that discovery has not been pursued, pending resolution of defendants' motion to dismiss.

### III.  Discussion

In the Second Circuit, it is clear that a district court may dismiss a suit that is duplicative of another pending federal action, as part of its general power to administer its docket,[1] unless there are special circumstances that favor prioritization of the second suit. *Barclay v. Lowe*, 131 Fed. Appx. 178, 178-79 (2d Cir. 2005) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time"); *Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir.2001)). "A suit is duplicative of another . . . when 'the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.'" *Id*. (quoting *Curtis*, 226 F.3d at 139).

In this case, the complaint is clearly duplicative of the complaint in the previously-filed civil action. The first case is at a more advanced stage of the proceedings than the instant action. (No. 9:09-CV-734, Dkt. No. 20). The first suit should be accorded priority where, as here, there is no indication that the "balance of

---

[1] Dismissal of duplicative or repetitious litigation of identical causes of action may also be appropriate under Section 1915(e). *See, e.g., Azubuko v. Giorlandino*, 213 F.3d 625 (table), 2000 WL 553184 at *1 (2d Cir. 2000) (upholding dismissal, under § 1915(e) of federal complaint that raised essentially the same claims as were asserted in multiple prior actions); *Williams v. Lodestro*, 09-CV-0604, 2010 WL 3394733, at *2 (W.D.N.Y. Aug. 25, 2010). Dismissal could also be ordered pursuant to Fed. R. Civ. P. 42(a)(3), which permits a court addressing actions with common questions of law or fact to issue any order to avoid unnecessary cost or delay.

3

convenience" favors the second-filed action, or that "special circumstances" warrant giving priority to the second suit. *Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Accordingly, the complaint in this action should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss the complaint (Dkt. No. 11) be **GRANTED** and that the complaint be **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**Dated: September 14, 2010**

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge